**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| UNITED STATES FOR THE USE | : | |
| AND BENEFIT OF METROPOWER, | : | |
| INC. D/B/A COLUMBUS POWER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO.: |
| v. | : | |
| | : | |
| GSC CONSTRUCTION, INC. AND | : | |
| DARWIN NATIONAL ASSURANCE | : | |
| COMPANY D/B/A ALLIED WORLD | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR BREACH OF CONTRACT, QUANTUM MERUIT AND RECOVERY UNDER MILLER ACT PAYMENT BOND

COMES NOW the Plaintiff, MetroPower, Inc. d/b/a Columbus Power

("Metro" or "Plaintiff"), and files this Complaint against defendants GSC

Construction, Inc. ("GSC" or "Contractor") and Darwin National Assurance

Company d/b/a Allied World Insurance Company ("Darwin" or "Surety"). This

Complaint is filed pursuant to the Miller Act, 40 U.S.C. § 3133, with Metro

expressly reserving its right to arbitrate this dispute. Metro hereby demands that

GSC and Darwin participate in the arbitration of this dispute in accordance with

the conditions of its contract, that GSC and Darwin be ordered to arbitrate this

dispute, and that after answers are filed by the Defendants that this matter be ordered stayed pending arbitration between the parties. Plaintiff shows:

## PARTIES

### 1.

Metro is a corporation organized and existing under the laws of the State of Georgia, which is duly licensed and engaged in the practice of electrical and mechanical contracting, with its principal place of business in Albany, Dougherty County, Georgia.

### 2.

GSC is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business in Augusta, Richmond County, Georgia. GSC is subject to the jurisdiction of this Court and may be served with process by serving its registered agent, Pamela Gregory, 2083 Heckle Street, Augusta, Richmond County, GA 30904.

### 3.

Darwin is a corporate surety organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York. Darwin is subject to the jurisdiction of this Court and may be served with process

by serving its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite #300, Norcross, Gwinnett County, GA 30092.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B). The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

5.

The contract at issue was performed and executed in Houston County, Georgia. Venue therefore lies in the United States District Court for the Middle District of Georgia pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2), and should be assigned to the Macon division of the United States District Court for the Middle District of Georgia, pursuant to Local Rule 3.4, because a substantial part of the events giving rise to the claims alleged arose in Houston County, Georgia.

## <u>FACTUAL ALLEGATIONS</u>

6.

Defendant GSC entered into a contract (the "Prime Contract") with the United States Army Corps of Engineers ("ACE") for the renovation of Hanger Dock Bldg. 54 HVAC at Robins Air Force Base, Georgia (the "Project").

7.

Pursuant to the Miller Act, 40 U.S.C. § 3133, Defendant GSC secured payment bond Number S001-0192 (the "Bond") from defendant Darwin as required by law. In the Bond, Darwin agreed to be bound jointly and severally with GSC to make payment to all persons having a direct contractual relationship with GSC and to any subcontractor of GSC who furnished labor, material or services in the prosecution of the work provided for in the Prime Contract in the event that GSC failed to make prompt payment to such person.

8.

Thereafter, GSC contracted with plaintiff Metro (the "Subcontract") to furnish labor, material, equipment and other services required to complete elements of the General Requirements for the Project, as more specifically described and limited in the Subcontract.

9.

GSC agreed to pay Metro for each progress payment on work approved by the Owner within fourteen (14) working days after the Contractor receives payment from the Owner.

10.

Metro completed its work on or about January 6, 2017, all of which work was furnished in the prosecution of the work provided for in the Prime Contract and applicable specifications.

11.

GSC failed to payment Metro $57,656.00 of contract balance and retainage and $53,550.82 of change directives and time and material billings which amounts are due and owing under the Subcontract, and more than 90 days have passed since its failure to pay.

12.

Metro is owed a total of $111,206.82.00 pursuant to the terms of the Subcontract.

13.

Metro has submitted a claim for payment to Darwin under the Bond, but Darwin has failed and refused to pay Metro the amount due.

14.

All conditions precedent to Metro's recovery, except for mediation and arbitration of the dispute which is hereby demanded, have been performed or have been waived or excused by Defendants.

## COUNT ONE: Breach of Contract

15.

Plaintiff repeats and realleges paragraphs 1 through 14 about as though fully set forth herein.

16.

Plaintiff has performed all of its obligations under the Subcontract.

17.

GSC has breached the Subcontract in that it has failed and refused to pay Plaintiff in full for labor, services and materials furnished in the prosecution of the work provided for in the Prime Contract and pursuant to the Subcontract.

18.

As a direct and proximate result of GSC's material and substantial breach of the Subcontract, Metro has been damaged in the amount of at least $111,206.82, plus interest at the rate of 1.5% per month until paid in accordance with the

provisions of O.C.G.A. § 7-4-16, or in the alternative at such other rate established by other interest provisions as provided by federal and Georgia law.

## COUNT TWO: Quantum Meruit

19.

Plaintiff repeats and realleges paragraphs 1 through 14 as though fully set forth herein.

20.

To the extent Metro' claim is determined to fall outside the terms of a formal contractual obligation with GSC, such that no contract is found to exist, then in accordance with O.C.G.A. § 9-2-7 and applicable Georgia law, Metro asserts an equitable claim in quantum meruit or implied contract for the value of the construction services and materials that it provided to GSC. Metro asserts that the labor and materials it provided were valuable to GSC; that its labor and materials were provided either at the request of GSC or were knowingly accepted by GSC; that GSC's receipt of the labor and materials without compensating Metro would be unjust; and that Metro expected compensation for its labor and materials at the time it provided them. GSC has failed or refused to pay the reasonable value of this work to Metro, thereby damaging Metro in the amount of at least $111,206.82 plus interest at the rate of 1.5% per month until paid in accordance with the provisions

of O.C.G.A. § 7-4-16, or in the alternative at such other rate established by other interest provisions of federal or Georgia law.

## COUNT THREE: Miller Act Payment Bond

21.

Plaintiff repeats and realleges paragraphs 1 through 14 as though fully set forth herein.

21.

Darwin is obligated, pursuant to the Bond, to pay Metro for the labor, material, and services that it furnished in the prosecution of the work of improvement provided for in the Prime Contract, and for which GSC failed to make payment.

22.

Darwin has failed to fulfill its obligation under the Bond to pay plaintiff for the labor, material and furnished for the prosecution of the work of improvement provided for in the Prime

23.

Plaintiff is entitled to payment from Darwin pursuant to the Miller Act, 40 U.S.C. § 3133.

## COUNT FOUR: Attorney Fees and Bond Remedies

### 24.

Plaintiff repeats and realleges paragraphs 1 through 14 as though fully set forth herein.

### 25.

By failing to pay Metro the entire amount it is owed under the Contract or in the alternative, in equity, the reasonable value of the work that GSC received, and by ignoring Metro' requests for payment, and by failing to satisfy Metro's claims, GSC and Darwin have acted in bad faith, have been stubbornly litigious, and have caused Metro unnecessary trouble and expense. Pursuant to O.C.G.A. § 13-6-11, Metro is entitled to recover its costs and expenses of the instant action, including its reasonable attorney's fees.

### 17.

By failing to pay Metro the entire amount it is owed under the Contract or in the alternative, in equity, the reasonable value of the work that GSC received, and by ignoring Metro' requests for payment, and by failing to satisfy Metro's claims, Darwin has acted in bad faith. Pursuant to O.C.G.A. § 10-7-30, Metro is entitled to recover, in addition to the loss, not more than 25 percent of the liability of the

surety for the loss and all reasonable attorney's fees for the prosecution of the case against the surety.

WHEREFORE, Metro prays that this Court issue a judgment against GSC and Peachtree, awarding such relief as follows:

(a)     That Metro recover damages from GSC and Darwin the principal amount of at least $111,206.82, plus interest at the rate of 1.5% per month until paid;

(b)     That Metro recover an amount from Darwin, as surety on the Bond, jointly and severally with GSC, in the principal amount of at least $111,206.82 plus not more than 25% of the liability of the surety for the loss, plus interest at the rate of 1.5% per month until paid;

(c)     That Metro recover its costs and expenses of litigation, including its reasonable attorney's fees; and

(d)     That Metro have such other and further relief as this Court deems just and proper.

*/s/ Michael L. Chapman*
Michael L. Chapman
Georgia Bar No. 121450
Attorney for Plaintiff

Michael L. Chapman, P.C.
4200 Northside Parkway
Building One, Suite 200
Atlanta, GA 30305
404-734-8510 Mobile
mchapman@chapmanfirm.com