# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF METROPOWER, INC., ) ) ) Plaintiff, ) ) v. ) ) GSC CONSTRUCTION, INC. AND ) DARWIN NATIONAL ASSURANCE ) COMPANY D/B/A ALLIED WORLD ) INSURANCE COMPANY, ) ) Defendants. ) | CIVIL ACTION NO. 5:18-CV-7 (MTT) |

## ORDER

Defendants GSC Construction, Inc. ("GSC") and Allied World Insurance Company ("Allied World," formerly known as Darwin National Assurance Company) have moved to vacate the arbitration award entered against them on February 19, 2019. Doc. 21. In turn, Plaintiff MetroPower, Inc. moved to confirm the arbitration award and for entry of judgment against the Defendants, jointly and severally, in the amount of $100,377.49. Doc. 25. For the following reasons, the motion to vacate (Doc. 21) is **DENIED** and the motion to confirm and for entry of judgment (Doc. 25) is **GRANTED**.

## I. BACKGROUND

This matter arises from a renovation project of Hangar Dock Building 54 at Robins Air Force Base in Warner Robins, Georgia ("the Project"). The United States Army Corps of Engineers was the owner of the Project, GSC was the general contractor, and MetroPower subcontracted with GSC to provide labor, material equipment, and other services to complete the Project. *See generally* Doc. 1. Allied

World was GSC's surety under a payment bond issued for the Project. *See generally id.*

On January 5, 2018, MetroPower brought suit against the Defendants, alleging, among other things, that GSC breached its contractual obligation by failing to pay MetroPower all amounts due under the contract and that Allied World, as GSC's surety pursuant to a Miller Act payment bond, is liable for GSC's nonpayment. *See generally id.* After responding to the complaint, GSC moved to stay the case pending mediation and arbitration and moved to transfer the case to the Southern District of Georgia. Doc. 13. The motion to stay was granted in part and the motion to transfer was denied. Doc. 19. Accordingly, pursuant to the contract, the parties conducted mediation and arbitration in Augusta, Georgia.

On February 15, 2019, after considering the pleadings, testimonial and documentary evidence, and the parties' arguments, the arbitrator awarded MetroPower $100,377.49 for which the Defendants are jointly and severally liable to pay. Doc. 24-1 at 2.

## II. DISCUSSION

As an initial matter, the Court assumes, as the parties do, that the Georgia Arbitration Code, O.C.G.A. § 9-9-1 et seq., is the governing statute.[1] "The Arbitration Code demands that courts give extraordinary deference to the arbitration process and awards." *Brookfield Country Club, Inc. v. St. James-Brookfield, LLC*, 287 Ga. 408, 411, 696 S.E.2d 663, 666 (2010) (quotation marks and citation omitted). Therefore, to not

---

[1] Even assuming the Federal Arbitration Act governed, the result in this case would be the same. As discussed below, the Defendants' only ground for vacating the award is the arbitrator's "manifest disregard of the law," and the Eleventh Circuit has the same extremely high standard for invoking "manifest disregard of the law." *See Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1461-62 (11th Cir. 1997) (concluding that a manifest disregard of the law is a ground for vacating an arbitration award and "that this ground is a narrow one").

"frustrate the legislative purpose of avoiding litigation by resort to arbitration," courts are "severely limited" in vacating an arbitration award.[2] *Id.* (quotation marks and citation omitted). Specifically, the Code provides five grounds for vacating an arbitration award:

(1) Corruption, fraud, or misconduct in procuring the award;

(2) Partiality of an arbitrator appointed as a neutral;

(3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made;

(4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or

(5) The arbitrator's manifest disregard of the law.

O.C.G.A. § 9-9-13(b). The burden is on the party challenging the arbitration award to demonstrate the existence of a statutory ground for vacatur.[3] *Greene v. Hundley*, 266 Ga. 592, 596 n.24, 468 S.E.2d 350, 353 n.24 (1996). "The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court as provided in this part." O.C.G.A. § 9-9-12.

The Defendants' only contention for vacating the award is that the arbitrator manifestly disregarded the law. Doc. 21 at 1. "[T]o prove that a manifest disregard of

---

[2] This policy of upholding arbitration awards is evidenced by the fact that the Defendants do not cite a single Georgia case that vacated an arbitration award.

[3] Despite having the burden, the Defendants did not attach the arbitration award to their six-page motion to vacate, nor did they attach the transcript of the arbitration proceeding to which they cite throughout their motion. Only after the Court pointed this out did the Defendants file the transcript. Docs. 26; 27. While MetroPower also did not attach the transcript to its response despite citing the transcript, it did file the arbitration award. Doc. 24-1. In any event, the Court has thoroughly reviewed the transcript and, as discussed below, concludes the Defendants have failed to show any manifest disregard of the law by the arbitrator.

the law has occurred, a party wishing to have an arbitration award vacated must provide evidence of record that, not only was the correct law communicated to an arbitrator, but that the arbitrator intentionally and knowingly chose to ignore that law despite the fact that it was correct." *ABCO Builders, Inc. v. Progressive Plumbing, Inc.*, 282 Ga. 308, 309, 647 S.E.2d 574, 575 (2007).  As the Supreme Court of Georgia recognized, this showing "is an extremely difficult one to make, especially in light of the fact that an arbitrator is not required to make findings of fact or state his or her rationale in reaching decisions."  *Id.* (citation omitted).

The Defendants argue that the arbitrator manifestly disregarded the law on three occasions.  Doc. 21 at 5.  First, they contend the arbitrator manifestly disregarded the law by "allowing [MetroPower] to grossly inflate its claim for damages."  *Id.* at 2.  According to the Defendants, MetroPower had always claimed $53,550.82 for time and material billings in its complaint; however, the arbitrator allowed a witness to testify that the damages for time and material tickets totaled $82,615.02.  *Id.*  In short, the Defendants argue that the arbitrator "manifestly disregarded the law when he allowed evidence beyond the scope of the pleadings over counsel's clearly-stated objections."  *Id.* at 3.

The Court disagrees.  Georgia law is clear that a court reviewing a motion to vacate an arbitration award is prohibited from considering the sufficiency or weight of the evidence presented to the arbitrator "regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award."  *Greene*, 266 Ga. at 596, 468 S.E.2d at 354.  The arbitrator in this case considered all relevant evidence, including testimony concerning the time and material tickets, to determine that the amount of damages for "signed extra work tickets" was $42,721.95—which is

$10,828.87 less than the amount MetroPower sought in its complaint.  Doc. 24-1 at 2.  That was not a manifest disregard of the law.

Second, the Defendants argue that the arbitrator manifestly disregarded Georgia's parol evidence rule when he considered, over the Defendants' objection and motion to strike, a witness's telephone testimony that he negotiated the contract with GSC's representative and that the "negotiations did not reflect the final reduction of the contract to writing."  Doc. 21 at 3.  However, it is clear from the transcript that the arbitrator took "into account" the Defendants' parol evidence rule argument when considering the witness's "fairly limited testimony."  Doc. 27-2 at 7:10-12.  That is not viable "concrete evidence" of the arbitrator's intent to purposefully disregard Georgia's parol evidence rule.  *ABCO Builders*, 282 Ga. at 309, 647 S.E.2d at 576.  And even assuming the arbitrator incorrectly applied the parol evidence rule, it appears "just as plausible that the arbitrator simply made a mistake in interpreting, understanding, or applying that rule as it is that he manifestly disregarded it."  *Original Appalachian Artworks, Inc. v. JAKKS Pacific, Inc.*, 718 F. App'x 776, 782 (11th Cir. 2017).  Indeed, it is plausible that the arbitrator considered the testimony based upon the parties' stipulation that evidence was to be received "for what it is worth."  Docs. 22 at 7; 27-1 at 7:19-20.  Simply put, "an arbitrator's mere failure to apply the law is insufficient to show manifest disregard."  *Id.* (citing *ABCO Builders*, 282 Ga. at 309, 647 S.E.2d at 575-76); *Malice v. Coloplast Corp.*, 278 Ga. App. 395, 399, 629 S.E.2d 95, 99 (2006) ("An error in interpreting the applicable law does not constitute 'manifest disregard.'"), superseded by statute on other grounds as noted in *Berger v. Welsh*, 326 Ga. App. 290, 291, 756 S.E.2d 545, 548 (2014).

Finally, the Defendants contend that the arbitrator "manifestly disregarded the law in making the award jointly and severally liable against Allied World." Doc. 21 at 4. Apparently, the Defendants believe that because the arbitrator was "put on notice" that the Miller Act was at issue when MetroPower mentioned that its claims against Allied World were under the Miller Act, and because the action was filed outside the one-year limitation period for bringing claims under the Miller Act, the arbitrator should not have ruled against Allied World. *Id.* That contention is wholly without merit. Not only did the Defendants fail to raise any issue about the timeliness of the Miller Act filing at the arbitration hearing, but it is clear from the record that the complaint was filed within the one-year limitation period of the Miller Act.[4] Accordingly, the arbitrator did not manifestly disregard the law when he found Allied World jointly and severally liable for $100,377.49.

## III. CONCLUSION

For the foregoing reasons, the Defendants' motion to vacate the arbitration award (Doc. 21) is **DENIED**, and MetroPower's motion to confirm the award and for entry of judgment (Doc. 25) is **GRANTED**. The Clerk's office is **DIRECTED** to enter a judgment against the Defendants, jointly and severally, in the amount of $100,377.49.

**SO ORDERED**, this 26th day of June, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Defendants assert that even if MetroPower's last date of work was January 6, 2017, that is still not within the one-year limitations period. Doc. 21 at 4. But, as MetroPower points out, the complaint was filed on January 5, 2018—certainly within a year. Docs. 1; 22 at 9.